UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-61668-DAMIAN

**CCP HERON LANDING, LLC,**

    Plaintiff,

v.

**JOSEPH O'NEILL, et al.,**

    Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 7]
AND REMANDING CASE**

    **THIS CAUSE** is before the Court on the Report and Recommendation issued by United States Magistrate Judge Jared Strauss on September 4, 2025. [ECF No. 7 ("Report"].

    Pursuant to Administrative Order 2025-11, upon removal from the Circuit Court of Broward County, this matter was assigned to Magistrate Judge Strauss. [ECF Nos. 1, 2]. After review of the Complaint and Notice of Removal, Judge Strauss issued an Order to Show Cause, directing the Defendants to show cause why this action should not be remanded to state court. [ECF No. 5]. After Defendants failed to respond to the Order to Show Cause, Judge Strauss issued the Report in which he recommends the case be remanded to state court because this Court lacks subject matter jurisdiction over the claims in the lawsuit. *See* Report. Neither party asserted objections to the Report, and the time to do so has passed.

    When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's

notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. Based on that review, the undersigned agrees with Judge Strauss's well-reasoned analysis and recommendations, as stated above. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report and Recommendation [ECF No. 7] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

It is further

**ORDERED AND ADJUDGED** that the instant action is **REMANDED** to the the County Court in and for Broward County, Florida.

The Clerk is directed to **CLOSE** this case, and any pending motions, are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 30th day of November, 2025.

_____
MELISSA DAMIAN
UNITED STATES DISTRICT JUDGE